## COTTON v. SANDERSON.

(Court of Civil Appeals of Texas. San Antonio. Oct. 22, 1913. Rehearing Denied Nov. 26, 1913.)

1. USURY (§ 102*)—RECOVERY—CONTRACT OF RELEASE—VALIDITY.

An agreement between the debtor and usurer, reciting that an accounting had been stated between the parties, and all demands of each against the other included therein, and this agreement executed in full satisfaction of all claims of each against the other, would not estop the debtor from recovering usurious interest in the absence of a showing that the claim therefor was included within the settlement; it being necessary that a contract releasing the right to recover usurious interest distinctly so state, and be on a valid consideration.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 197, 241, 242, 244–258; Dec. Dig. § 102.*]

2. APPEAL AND ERROR (§ 910*)—TIME OF FILING ACTION—PRESUMPTION.

Where, in an action for usurious interest paid, the record does not show when the petition was filed, but shows the answer was filed September 5, 1911, and that practically all of the interest was paid in less than two years before the answer was filed, the appellate court will presume that the petition was filed within two years subsequent to payment of the usurious interest.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3679–3681; Dec. Dig. § 910.*]

Appeal from Harris County Court; C. C. Wren, Judge.

Action by L. Sanderson against Almon Cotton. From a judgment for plaintiff, defendant appeals. Affirmed.

J. V. Meek, of Houston, for appellant. Barkley & Green, of Houston, for appellee.

FLY, C. J. This is a suit instituted by appellee to recover the statutory penalty prescribed for the collection of usurious interest. A trial resulted in a judgment for appellee in the sum of $371.

[1] The following contract or agreement

was placed in evidence: "Houston, Tex., Jan. 17, 1911. An accounting has this day been stated between the New York Loan Company, Almon Cotton, sole proprietor, and L. Sanderson; all claims and demands of all kinds or character which each has against the other has been included in said statement of account, and a full and complete settlement of same had, the balance due the New York Loan Company, Almon Cotton, sole proprietor, by L. Sanderson. This mutual receipt has been executed by each of us in full settlement, accord, and satisfaction of all claims and demands which each has against the other to this date of whatever character." The agreement was signed by appellee, and it is contended that it estops appellee from claiming the penalty for the usurious interest paid by him. The facts disclose that an iniquitous business was operated by appellant, through which laborers were loaned money upon transfers of their wages, and charged a rate of interest that would put a Shylock to shame, and the agreement was doubtless arranged by appellant to protect him against his illegal acts. His acts, however, were an offense against law, morals, justice, and society, and the public is so vitally interested in the punishment and suppression of such vice and crime that, while recognizing the right of the individual to release his claim to the penalty prescribed by law, it will be required that it clearly appear from the agreement, and the circumstances surrounding its execution, that the injured party fully and clearly intended to part with all of the rights arising out of the payment of the usurious interest. The agreement was based upon an accounting between the parties, and it is not pretended that the penalty was included in the accounting, and the testimony of appellee shows that he did not have a release of the penalty in contemplation when he signed the agreement. The agreement had no reference to a penalty for usury, but to the items of an account existing between the parties, and there was no consideration whatever for a release of the penalty.

It has been held in this state that the right to sue for usurious interest may be the subject of adjustment or release; but it was in a case in which the right to sue was released in distinct terms, and on a consideration held to be valid. Stout v. Bank, 69 Tex. 384.† It is regrettable that the more enlightened view, held in other courts, that an agreement not to sue for a penalty for the exaction of usurious interest cannot be enforced, has not been adopted in Texas. The protection of the poor and helpless from the tyranny and oppression of usurers and loan sharks would be advanced by that view of such agreements.

The Court of Civil Appeals of the First Supreme Judicial District has passed upon the same kind of agreement as that copied herein, and it was held: "No consideration, valid in law, was paid plaintiff for its execution, and the usury in former transactions was not purged, and we think we are justified in saying that appellant's only object in securing the execution of the instrument was to create an estoppel against plaintiff from ever suing to recover the money illegally collected from him as interest. We think that under the facts stated the release referred to did not estop plaintiff to sue for a recovery of the amount illegally collected from him as interest, and that it was not necessary for plaintiff to allege and prove that the release was signed by him as the result of accident, fraud, or mistake." Cotton v. Thompson, 159 S. W. 455. The first assignment of error is overruled.

There is ample testimony to show a flagrant disregard of the laws of the state in regard to usury, and an utter contempt for the rights of others. The subterfuges used to conceal the usury are so transparent as to be farcical. There is no excess in the judgment.

[2] The third assignment of error complains of the action of the trial court in overruling a special exception to appellee's petition, on the ground that it appeared from the petition that portions of the usurious interest were paid more than two years before the filing of the suit. The record fails to indicate when the original petition was filed; but the answer of appellant was filed on September 5, 1911, and the petition must necessarily have been filed prior to that time. The itemized account shows that all of the usurious interest was paid in less than two years before the answer was filed, except 20 cents paid on August 17, 1909, and, in the absence of anything to the contrary, we will presume that the petition was filed within two years subsequent to that date.

The judgment is affirmed.